IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PETER P. COYLE,                          :
                *Plaintiff*           :           CIVIL ACTION
                                   :
            **v.**                           :
                                   :
COMMONWEALTH OF                          :
PENNSYLVANIA et al.,                     :           No. 23-1618
                *Defendants*          :

MEMORANDUM

PRATTER, J.                                                        MAY *22*, 2023

Peter P. Coyle, a *pro se* plaintiff, filed a motion for a temporary restraining order and a preliminary injunction against the Commonwealth of Pennsylvania; Mike Edwards, in his official capacity as Assistant District Attorney for Lehigh County, Pennsylvania; the Upper Saucon Police Department, in its official capacity as a subsidiary of Upper Saucon Township, Pennsylvania; and APS Associates, LLC. Mr. Coyle seeks to enjoin all of the defendants from executing a judgment embodied in a Pennsylvania state court order on March 31, 2022, and from enforcing a condition of Mr. Coyle's bail in a pending criminal action in Pennsylvania state court. For the following reasons, the Court denies Mr. Coyle's motion.

BACKGROUND

Mr. Coyle leased a property owned by APS Associates, LLC in the Fairmount Village Shopping Center beginning in February 2018 (the "leased property"). Mr. Coyle operated his business out of the leased property. The lease was most recently amended and extended in April 2019. It names APS Associates, LLC as the landlord and Peter P. Coyle as the tenant.

The manager of the leased property had worked with the Pennsylvania State Constable to evict Mr. Coyle, and the order evicting Mr. Coyle from the leased property was signed by the Pennsylvania Court of Common Pleas of Lehigh County (the "Court of Common Pleas") judge on

1

March 31, 2022 (the "March 31, 2022 Order"). Just over a month and a half later, on May 16, 2022, Mr. Coyle was officially evicted from the leased property.

On the same day, Mr. Coyle was arrested by the Upper Saucon Police Department for trespassing on the leased property. Mr. Coyle alleges that he was arrested at the request of APS Associates. Mr. Coyle was subsequently charged with, and held in custody for, violating 18 Pa. Cons. Stat. § 3503(a)(1)(ii).[1]

Mr. Coyle, however, was not individually named as a defendant in civil action No. 2021-C-2438, the action in which the March 31, 2022 Order was entered. Rather, the complaint filed by APS Associates named "Peter P. Coyle—Tanning Services Pennsylvania, LLC" as the defendant. It did not name "Peter P. Coyle" and "Tanning Services Pennsylvania, LLC" as separate parties. Thus, Mr. Coyle argues that any execution of judgment against him, including the May 16, 2022 eviction from the leased property, is not in accordance with the March 31, 2022 Order. In further support of this, Mr. Coyle points to a memorandum opinion issued by the Court of Common Pleas in civil action No. 2021-C-2438 on November 15, 2022, which provides that the judgment set forth in the March 31, 2022 Order may only be executed against "Peter P. Coyle—Tanning Services Pennsylvania, LLC" and not "Peter P. Coyle."

On June 29, 2022, a bail modification hearing in Mr. Coyle's pending criminal case in the Court of Common Pleas was held. The court released Mr. Coyle on bail, contingent upon Mr. Coyle refraining from (1) entering the leased property from which he was evicted, and (2) entering anywhere on the Fairmount Village Shopping Center grounds. This bail condition was based in part on Mr. Coyle's eviction from the leased property pursuant to the March 31, 2022 Order.

---

[1] The docket identification number for Mr. Coyle's state criminal case is CR-2376-2022.

Despite his contention that the March 31, 2022 Order could not be executed against him, Mr. Coyle agreed to the bail condition.

After a preliminary hearing in Mr. Coyle's criminal case, the Lehigh County Sheriff's Department served Mr. Coyle with a writ of execution related to the pending civil action against him. The writ directed the Sheriff's Department to levy property from Mr. Coyle's former place of business and to use Mr. Coyle's banking information for garnishment. Mr. Coyle requested an exemption from the writ, and on October 3, 2022, a hearing was held to consider the requested exemption. During this hearing, APS Associates attempted to argue that "Peter P. Coyle" was a properly named defendant in civil action No. 2021-C-2438 and that the writ of execution against Mr. Coyle was issued in accordance with the March 31, 2022 Order. According to Mr. Coyle, the Court of Common Pleas judge concluded that the complaint was filed against "Peter P. Coyle— Tanning Services Pennsylvania, LLC," and, thus, any execution of judgment against Mr. Coyle is not in accordance with the March 31, 2022 Order. However, an order to this effect was not issued.

During another pretrial hearing in Mr. Coyle's criminal case held on October 18, 2022, Mr. Coyle requested a modification to his bail conditions to allow him to access his personal property that remained at the Fairmount Village Shopping Center. Mr. Coyle contends that Assistant District Attorney Mike Edwards falsely claimed that the March 31, 2022 Order could be executed against Mr. Coyle and that if this bail condition were modified to allow him to access the shopping center, Mr. Coyle would interfere with the execution of the judgment in his state civil case. The Court of Common Pleas denied the bail modification. Therefore, if Mr. Coyle enters either the leased property or the Fairmount Village Shopping Center, he could be arrested for violating this bail condition.

On November 21, 2022, Mr. Coyle filed a property claim with the Lehigh County Sheriff's Office which included a property form listing the levied property, proof of ownership documents, and a request that the Sheriff's Office cease and desist entering the leased property and levying any property inside. The Sheriff's Office mailed its determination of Mr. Coyle's property claim to all parties involved and granted Mr. Coyle's cease and desist request. APS Associates lodged an objection to the determination, which was denied during a hearing in his state civil case on February 1, 2023.

On April 11, 2023, Mr. Coyle was informed by APS Associates that Mr. Coyle's personal property was to be removed from the leased property and would be placed in a garage located at the Fairmount Village Shopping Center. Mr. Coyle had 30 days to retrieve the property from the garage before a Petition for Abandonment would be filed. However, Mr. Coyle claims he is not able to retrieve his property because of the bail condition restricting his access to the shopping center.

Mr. Coyle filed a complaint here alleging four causes of action: violations of the Fourteenth Amendment to the U.S. Constitution and Article I, Section I of the Pennsylvania Constitution (Counts I, III, and IV); and violation of the Eighth and Fourteenth Amendments to the U.S. Constitution and Article I, Section I and Section XIII of the Pennsylvania Constitution (Count II). Mr. Coyle then filed the present motion, seeking to enjoin the defendants from (1) taking action to execute the judgment set forth in the March 31, 2022 Order; (2) restricting Mr. Coyle from accessing the leased property, *i.e.*, enforcing the bail condition imposed in Mr. Coyle's currently pending criminal case; and (3) moving Mr. Coyle's personal property located at the Fairmount Village Shopping Center without Mr. Coyle's permission.

## LEGAL STANDARD

"A temporary restraining order is a 'stay put,' equitable remedy that has its essential purpose the preservation of the status quo while the merits of the cause are explored through litigation." *J.O. ex rel. C.O. v. Orange Twp. Bd. of Educ.*, 287 F.3d 267, 274 (3d Cir. 2002) (quoting *Foreman v. Dall. Cnty.*, 193 F.3d 314, 323 (5th Cir. 1991)). The standard for determining whether a movant is entitled to a temporary restraining order is the same as that used for a preliminary injunction: the movant must demonstrate "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Bimbo Bakers USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010); *see also EXL Lab'ies, LLC v. Egolf*, No. 10-cv-6282, 2010 WL 5000835, at *3 (E.D. Pa. Dec. 7, 2010) ("The standard for granting a temporary restraining order under Federal Rule of Civil Procedure 65 is the same as that for issuing a preliminary injunction."). "The failure to establish any of these elements, however, renders the issuance of an injunction inappropriate." *Bradley v. Amazon.com, Inc.*, No. 17-cv-1587, 2021 WL 5631754, at *2 (E.D. Pa. Dec. 1, 2021). "Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks omitted). Movants face a "heavy burden," *Lane v. New Jersey*, 753 F. App'x 129, 131 (3d Cir. 2018), and "must establish entitlement to [injunctive] relief by clear evidence." *Doe ex rel. Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 526 (3d Cir. 2018).

## DISCUSSION

Mr. Coyle seeks to enjoin the defendants from (1) executing the judgment set forth in the Court of Common Pleas' March 31, 2022 Order; (2) enforcing the bail condition imposed on Mr. Coyle by the Court of Common Pleas, which restricts Mr. Coyle from accessing the leased property

and the Fairmount Village Shopping Center; and (3) moving Mr. Coyle's personal property, which is currently at the shopping center, without his permission. The removal of Mr. Coyle's property was first ordered in the writ of execution issued to the Lehigh County Sheriff's Office on July 5, 2022. Upon consideration of Mr. Coyle's claim for exemption and following a hearing, the Court of Common Pleas granted the claim for exemption in part and excluded a short list of items from the Sheriff's levy. The other items listed on the writ of execution remain subject to the Sheriff's levy.

Because the actions Mr. Coyle seeks to enjoin involve pending state criminal and civil actions, the Court must consider whether abstention is necessary before it can address the merits of Mr. Coyle's motion.

"A federal court has an obligation to address a question of subject matter jurisdiction *sua sponte.*" *Meritcare, Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte* . . . ."). Therefore, it is proper for the Court to consider *sua sponte* whether the abstention principles announced in *Younger v. Harris*, 401 U.S. 37 (1971), apply because they bear on the Court's obligation to exercise subject matter jurisdiction over the present action.[2] *See Grode v. Mut. Fire, Marine & Inland Ins. Co.*, 8 F.3d 953, 958 (3d Cir. 1993) (quoting *Colo. River Water Conservation Dist. v.*

---

[2]    As of the date of this memorandum opinion, none of the defendants have entered an appearance nor have they filed a response to Mr. Coyle's Motion for a Temporary Restraining Order and Preliminary Injunction.

*United States*, 424 U.S. 800, 817 (1976)) ("Unless one of the established abstention doctrines applies, federal courts have a 'virtually unflagging obligation' to exercise their properly invoked jurisdiction."); *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197 (2d Cir. 2002) (citing *Colo. River*, 424 U.S. at 816 n.22) ("[W]hen *Younger* applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter.").

"Under the *Younger* abstention doctrine, federal courts must refrain from interfering with three types of state proceedings: (1) state criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving certain orders . . . uniquely in furtherance of the state courts ability to perform their judicial functions." *Altice USA, Inc. v. N.J. Bd. of Pub. Utils.*, 26 F.4th 571, 576 (3d Cir. 2022) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013)) (internal quotation marks omitted).

In *Sprint*, the Supreme Court narrowed the scope of *Younger* abstention, limiting its application to only these three "exceptional" categories of proceedings. *Sprint*, 571 U.S. at 73. Before *Sprint*, Courts applied the three factors set forth by the Supreme Court in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423 (1982): "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989) (citing *Middlesex*, 457 U.S. at 432). The Third Circuit Court of Appeals has "stressed several times since [*Sprint* narrowed *Younger*'s domain] that the three *Middlesex* conditions are no longer the test for *Younger* abstention." *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 462 (3d Cir. 2019) (internal quotation marks omitted); *see e.g., Hamilton v. Bromley*, 862 F.3d 329, 337 (3d Cir. 2017) (concluding that the district court's reliance

on the *Middlesex* factors was an error in light of the Supreme Court's holding in *Sprint* that the *Middlesex* factors are not dispositive).

*Younger* abstention is also only appropriate where criminal and civil proceedings are "pending." *See Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) ("Absent any *pending* proceeding in state tribunals . . . application . . . of *Younger* abstention [i]s clearly erroneous."). "State proceedings are pending only if they are initiated before any proceedings of substance on the merits have taken place in the federal court." *Malhan*, 938 F.3d at 464 (internal quotation marks omitted). A proceeding that is "merely threatened" is not pending. *Id.*; *see also Wooley v. Maynard*, 430 U.S. 705, 711 (1977) (concluding that *Younger* did not bar federal jurisdiction where the relief sought was prospective in an effort to preclude further prosecution under a statute that allegedly violated the plaintiff's constitutional rights).

## I.   State Criminal Proceedings

One of the justifications for *Younger* abstention is "the basic doctrine of equity jurisprudence that courts of equity should not act, *and particularly should not act to restrain a criminal prosecution,* when the moving party has an adequate remedy at state law and will not suffer irreparable injury if denied equitable relief." *Younger,* 401 U.S. at 43–44 (emphasis added). Thus, where a plaintiff seeks a federal injunction restraining a pending criminal prosecution in state court, the federal court should abstain.

Mr. Coyle seeks to enjoin the enforcement of a bail condition imposed by the Court of Common Pleas upon his release in a currently pending criminal prosecution for trespassing and criminal mischief. Specifically, Mr. Coyle seeks to enjoin the enforcement of this bail condition to allow him to enter the Fairmount Village Shopping Center so that he can retrieve his personal items before a petition for abandonment is filed. But Mr. Coyle cannot enter the shopping center

grounds to retrieve his property because he could be arrested for violating the conditions of his bail.

Mr. Coyle's criminal prosecution for trespass is "pending" so *Younger* abstention is appropriate. *See Ankenbrandt*, 504 U.S. at 705. Mr. Coyle was arrested for trespassing on the leased property from which he was evicted pursuant to the March 31, 2022 Order issued by the Court of Common Pleas. In releasing Mr. Coyle on bail, the Court of Common Pleas imposed a bail condition which restricts Mr. Coyle from entering the leased property and the Fairmount Village Shopping Center grounds. Both the criminal charges and the bail condition were initiated before Mr. Coyle filed the present federal action. *See Malhan*, 938 F.3d at 464. Although Mr. Coyle has not been prosecuted for violating the bail condition, the relief that Mr. Coyle seeks cannot be considered "wholly prospective" because it is related to a *currently pending* prosecution against him. *Wooley*, 430 U.S. at 711.

In *Wooley*, the plaintiff–appellees had been prosecuted by New Hampshire three times for obscuring the state's motto on his license plates. *Id.* at 707–08. After his third conviction but before a fourth prosecution, he and his wife sought and received a federal injunction against future prosecutions for this same offense. *Id.* at 709. The Supreme Court concluded that *Younger* abstention was not appropriate because the appellees faced "a genuine threat of prosecution" and because "the suit [wa]s in no way designed to annul the results of a state trial since the relief sought [wa]s wholly prospective, to preclude further prosecution under a statute alleged to violate appellees' constitutional rights." *Id.* at 710–11 (internal quotation marks omitted).

Here, the relief Mr. Coyle seeks is not strictly speaking, prospective because it is designed to interfere with the judgment of a state court by modifying the decision of the Court of Common Pleas with respect to the enforcement of Pennsylvania's criminal laws. *See id.* at 711. "[T]he

State's interest in the enforcement of its criminal laws" is of significant import, and this interest is

one of the justifications supporting the application of *Younger*. *Juidice*, 430 U.S. at 335. As the

Supreme Court stated in *Younger*,

> [the] underlying reason for restraining courts of equity from interfering with
> criminal prosecutions is reinforced by an even more vital consideration, the notion
> of 'comity,' that is, a proper respect for state functions, a recognition of the fact that
> the entire country is made up of a Union of separate state governments, and a
> continuance of the belief that the National Government will fare best if the States
> and their institutions are left free to perform their separate functions in their separate
> ways.

401 U.S. at 44.

The imposition of a bail condition in a pending criminal prosecution falls within the ambit

of the State's interest in enforcing its criminal laws, thus this decision is best left to the State, free

from federal court interference. *See id.*; *see also Daves v. Dall. Cnty., Tex.*, 64 F.4th 616, 620,

626–31 (5th Cir. 2023) ("We hold that a string of consistent Supreme Court authority commencing

with *Younger v. Harris* requires federal courts to abstain from revising state bail bond procedures

on behalf of those being criminally prosecuted, when state procedures allow the accused adequate

opportunities to raise their federal claims.") (internal citations omitted); *Cipollini v. Hilburt*, No.

22-cv-558, 2022 WL 2313153, at *5–*6 (M.D. Pa. Apr. 19, 2022) (abstaining under *Younger* from

issuing injunctive relief affecting the bail order in plaintiff's ongoing state criminal trial); *Vinci v.

Thurmond*, No. 22-cv-P19-GNS, 2022 WL 901506, at *1, *4 (W.D. Ky. Mar. 28, 2022) (abstaining

from interfering with the state court's imposition of a bail condition on the plaintiff because the

"[p]laintiff's criminal prosecution was ostensibly pending in [state court] at the time he initiated

th[e] action" and "a proceeding concerning the setting of bail restrictions unquestionably

implicates important state interests").

For these reasons, the Court will abstain from ruling on Mr. Coyle's motion to the extent

he seeks to enjoin a pending criminal prosecution.

## II.    State Civil Proceedings

### A.  Abstention

*Younger* abstention has been extended to "civil proceedings . . . that implicate a State's interest in enforcing the orders and judgments of its courts," *Sprint*, 571 U.S. at 72–73 (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)), and "civil proceedings involving certain orders that are *uniquely* in furtherance of the state courts' ability to perform their judicial function." *Id.* at 73 (emphasis added) (citing *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 367–68 (1989)). Orders regarding bonds pending appeal, civil contempt orders, and entries of confessed judgments have been found to be uniquely in furtherance of judicial functions for purposes of *Younger* abstention. *See, e.g., Pennzoil*, 481 U.S. at 13 (bond pending appeal); *Juidice*, 430 U.S. at 336 & n.12 (civil contempt order); *Schall*, 885 F.2d at 103 (entry of confessed judgments). Further, the Supreme Court has held that a state proceeding implicates a state interest "if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil*, 481 U.S. at 11.

Two of Mr. Coyle's sought-after injunctions relate to his pending[3] civil proceeding: (1) that the defendants be enjoined from taking action to execute the judgment set forth in the March 31, 2022 Order, and (2) that the defendants not move Mr. Coyle's personal property pursuant to

---

[3]    As a threshold matter, Mr. Coyle's civil proceeding is "pending" because the proceedings which Mr. Coyle seeks to enjoin were initiated prior to him filing the present action in federal court. The order evicting Mr. Coyle from the leased property was entered on March 31, 2022. The writ of execution to enforce the judgment was entered on July 14, 2022, and the Court of Common pleas granted Mr. Coyle's claim for exemption *in part* on November 15, 2022. Mr. Coyle was notified by APS Associates that his personal property, which was still subject to the writ of execution, was to be relocated on April 11, 2023. Mr. Coyle did not file his complaint in federal court until April 27, 2023, *after* the state civil proceedings he seeks to enjoin had been initiated. Further, the execution of the judgment set forth in the March 31, 2022 Order is not "merely threatened" because according to Mr. Coyle, his property may have already been moved. *Malhan*, 938 F.3d at 464.

the writ of execution. Here, the Court will not abstain from ruling on Mr. Coyle's motion to the extent he seeks to enjoin the defendants from taking actions to enforce the March 31, 2022 judgment. In *Parr v. Colantonio*, the Third Circuit Court of Appeals concluded that abstention under *Younger* was not proper because "the parallel state proceeding—an ordinary eviction action in the Court of Common Pleas—does not fit into any of the three categories identified in *Sprint*," including the third category—a "civil proceeding[] involving certain orders uniquely in furtherance of the state courts' ability to perform [its] judicial functions." 844 F. App'x 476, 479 & 479 n.3 (3d. Cir. 2021) (quoting *Sprint*, 571 U.S. at 78); *see also Shawe v. Bouchard*, No. 20-cv-1770, 2021 WL 1380598, at *16 (D. Del. Apr. 12, 2021) ("Our Court of Appeals noted a possession order arising from a commonplace eviction action does not fit within the final *Sprint* category.") (internal quotation marks omitted).

Here, Mr. Coyle seeks to enjoin the execution of an eviction order issued by the Court of Common Pleas. This is factually similar to *Parr*, in which the plaintiff was the owner of storage trailers located on property owned by his landlady. *Parr v. Colantonio*, No. 19-cv-1930, 2019 WL 2589453, at *1 (E.D. Pa. June 21, 2019). The landlady brought an action against the tenant, seeking back rent and the eviction of his company from the property. *Id.* The state magisterial district judge granted judgment for the landlady and issued an Order for Possession. *Id.* The tenant then filed a complaint in federal court arguing that the constable of the state district court "improperly effectuated the state court Order of Possession." *Id.* at *3. The federal district court concluded that *Younger* was applicable to this claim. *Id.* On appeal, the Third Circuit concluded that abstention was not proper because (1) the district court relied on the *Middlesex* factors and failed to first consider the "three exceptional categories" set forth in *Sprint*; and (2) the Court of Common Pleas eviction action did not fit within any of the three *Sprint* categories. *Parr*, 844 F. App'x at 479.

Therefore, in accordance with the decision of the Third Circuit Court of Appeals in *Parr*, this Court will not abstain under *Younger* and will consider the merits of Mr. Coyle's motion for a temporary restraining order and a preliminary injunction to the extent they relate to Mr. Coyle's state civil proceedings.

## B.  Temporary Restraining Order and Preliminary Injunction

To succeed on his claim for a temporary restraining order or a preliminary injunction, Mr. Coyle must prove that (1) it is likely that he will succeed on the merits; (2) he will suffer irreparable harm without the injunction; (3) the nonmoving party will not suffer greater harm with the imposition of equitable relief; and (4) the public interest favors relief. *Bimbo*, 613 F.3d at 109.

The Court will first consider the likelihood of success on the merits. "At the preliminary injunction stage, plaintiffs need only show a reasonable probability that their . . . claims will succeed on the merits." *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010). Here, Mr. Coyle alleges two causes of action under 42 U.S.C. § 1983 relating to his pending civil case: violation of the Fourteenth Amendment to the U.S. Constitution and Article I, Section I of the Pennsylvania Constitution against APS Associates arising out of its attempted execution of the March 31, 2022 Order (Count I); and violation of the Fourteenth Amendment to the U.S. Constitution and Article I, Section I of the Pennsylvania Constitution against APS Associates arising out of its disposition of Mr. Coyle's property (Count IV).[4] To demonstrate the likelihood of his success on these claims, Mr. Coyle points to the memorandum opinion issued by the Court of Common Pleas on November 15, 2022, which provided that the judgment set forth in the March 31, 2022 Order may only be executed against "Peter P. Coyle—Tanning Services Pennsylvania, LLC" and not "Peter P. Coyle." Ex. F to Compl. Mr. Coyle argues that in light of this opinion, he has established a

---

[4]     Mr. Coyle's two other causes of action relate to his pending criminal case and as set forth above, the Court will abstain from ruling on Mr. Coyle's motion to the extent it relates to his criminal case.

likelihood of success on both of his claims because the March 31, 2022 Order cannot be executed against him. Although APS Associates has yet to enter an appearance or file a responsive pleading, it is likely, given the arguments raised in the Court of Common Pleas, that APS Associates will argue that the March 31, 2022 Order *can* be enforced against Mr. Coyle. Thus, they will likely argue that Mr. Coyle cannot succeed on either of his claims because APS Associates was acting in accordance with the March 31, 2022 Order.

Although Mr. Coyle presents a reasonable basis for finding that the order is not enforceable against him, this alone is insufficient to establish a likelihood of success on the merits because Mr. Coyle must also establish that the defendants were acting "under color of state law" to succeed on his § 1983 claim. *Melo v. Hafer*, 912 F.2d 628, 638 (3d Cir. 1990); *see also* 42 U.S.C. § 1983. This inquiry turns not on "whether the state was involved in some way in the relevant events, but whether the action taken can be fairly attributed to the state itself." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). For private parties, such as APS Associates, to qualify as state actors under § 1983, "the state must significantly contribute to the constitutional deprivation . . . ." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1266 (3d Cir. 1994). Courts have concluded that private parties may be liable under § 1983 where they invoke state procedures to seize property. *See id.* at 1267 ("We agree and hold that a judgment creditor who uses Pennsylvania's procedure for executing on a confessed judgment acts under color of law and becomes a state actor . . . ."); *Shipp v. Donaher*, No. 09-cv-2475, 2010 WL 1257972, at *5 (E.D. Pa. Mar. 25, 2010) ("[U]nder *Jordan*, otherwise-private parties who merely seek and receive confessed judgments are not state actors, while those who execute on confessed judgments are state actors.").

Mr. Coyle's § 1983 claim against APS Associates relates to its attempted execution of the judgment set forth in the March 31, 2022 Order by notifying Mr. Coyle that it was removing his personal items from the leased property. Because the cause of action against APS Associates relates to its execution of the state court judgment, it is at least plausible that APS Associates was acting under the color of state law such that it *may* be liable under § 1983.

Because it is conceivable that APS Associates was acting under the color of state law, Mr. Coyle must next establish that he was deprived of his constitutional rights "without due process of law" in violation of the Fourteenth Amendment.[5] U.S. Const. amend. XIV. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks omitted). Mr. Coyle challenges APS Associates' attempted execution of the March 31, 2022 Order and the removal of his personal items from the leased property as a violation of the Fourteenth Amendment. However, it is not clear from Mr. Coyle's complaint or the instant motion whether he is intending to assert a substantive due process claim or a procedural due process claim.

To the extent Mr. Coyle is raising a substantive due process claim, he must allege that he was deprived of a fundamental right, and that the government conduct at issue was "so egregious,

---

[5]     Article I, Section I of the Pennsylvania State Constitution provides that "[a]ll men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those . . . of acquiring, possessing and protecting property . . . ." Pa. Const. Art. I, § 1. "Due process protections . . . emanate from [this provision of] the Pennsylvania Constitution." *Germantown Cab Co. v. Phila. Parking Auth.*, 206 A.3d 1030, 1042 (Pa. 2019); *Khan v. State Bd. of Auctioneer Exam'rs*, 842 A.2d 936, 945 (Pa. 2004) ("The guarantee of due process of law, in Pennsylvania jurisprudence, emanates from a number of provisions of the Declaration of Rights, particularly Article I, Sections 1, 9, and 11 of the Pennsylvania Constitution."). Because "Pennsylvania's . . . due process provisions are coextensive with the corresponding provisions of the United States Constitution," the Court will proceed with its due process analysis only under the Fourteenth Amendment. *Republican Party of Pa. v. Cortes*, 218 F. Supp. 3d 396, 417 (E.D. Pa. 2016); *see also Hosp. & Healthsystem Ass'n of Pa. v. Commonwealth*, 77 A.3d 587, 600 n.15 ("The state and federal due process provisions are substantially equivalent in their protective scope.") (internal quotation marks and citations omitted); *Commonwealth, Dep't of Transp. v. Taylor*, 841 A.2d 108, 114 n.6 (Pa. 2004) (noting that the Supreme Court of Pennsylvania treats the due process provisions in the Pennsylvania Constitution coextensively with those in the United States Constitution).

15

so outrageous, that it may fairly be said to shock the contemporary conscience." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 425 (3d Cir. 2006). Based on the pleadings and the arguments raised in Mr. Coyle's motion, the Court cannot conclude that Mr. Coyle has established a likelihood of success on a substantive due process claim because he has not alleged that APS Associates' conduct was "shocking to the conscience." Rather, it is arguable, based on the pleadings, that APS Associates thought its conduct was proper because no order was ever issued by the Court of Common Pleas preventing the execution of the March 31, 2022 judgment despite the Court's acknowledgement of the naming deficiencies. Thus, at this stage, Mr. Coyle has not shown a reasonable probability that this claim will succeed.

To the extent Mr. Coyle is asserting a procedural due process claim, he "must prove that a person acting under color of state law deprived [him] of a protected property interest, and that the state procedure for challenging the deprivation does not satisfy the requirements of procedural due process." *Prosperi v. Twp. of Scott*, No. 06-cv-501, 2006 WL 2583754, at *3 (W.D. Pa. Sept. 7, 2006) (citing *Parratt v. Taylor*, 451 U.S. 537, 536–37 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986)). Mr. Coyle also has failed to show a reasonable probability of success on this claim because: (1) he has not established that he has a protected property interest in the property APS Associates plans to, or has already, moved because this property is subject to the Sheriff's levy under the writ of execution and as ordered by the Court of Common Pleas; and (2) Mr. Coyle has not asserted any claims which go to the state procedure for challenging this alleged deprivation.

At this preliminary stage in the litigation, and given the deficiencies in Mr. Coyle's pleading as it relates to his Fourteenth Amendment claims,[6] the Court concludes that Mr. Coyle has failed to demonstrate a reasonable possibility that he is likely to succeed on the merits of his claims. *See Miller*, 598 F.3d at 147. Thus, Mr. Coyle failed to demonstrate that he is entitled to the "extraordinary remedy" of injunctive relief. *Kos*, 369 F.3d at 708. Although Mr. Coyle's failure to establish this element renders the issuance of an injunction inappropriate, *Bradley*, 2021 WL 5631754, at *2, in anticipation of future issues perhaps, the Court will also address irreparable harm.

"[T]o show irreparable harm a plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994) (internal quotation marks omitted). "The risk of irreparable harm must not be speculative." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 488 (3d Cir. 2000). "[A]n assertion of irreparable harm must be based on concrete evidence and cannot be sustained on the basis of bald and conclusory statements." *Bradley*, 2021 WL 5631754, at *3 (internal quotation marks omitted); *see also Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992) ("[T]he moving party must make a 'clear showing of *immediate* irreparable harm.'"). Mr. Coyle argues that he has already established irreparable harm by alleging that APS Associates has, or shortly will, remove Mr. Coyle's personal property from the leased property and place it in a garage in the Fairmount Village Shopping Center. He alleges that without the injunction, APS Associates will remove the property, if it has not already done so, and if done, this will likely damage the property in the process.

---

[6]     The Court notes that its finding that Mr. Coyle has not established a likelihood of success on the merits is in part based on the insufficiency of his pleadings. This conclusion, however, does not foreclose the possibility that Mr. Coyle could, at a later stage in this litigation, succeed on these claims.

Mr. Coyle has failed to make a "showing of immediate irreparable harm." *Campbell Soup*, 977 F.2d at 91. Mr. Coyle argues that he was notified by APS Associates that it has or will move his personal items from the leased property. Mr. Coyle has presented no "concrete evidence" that his personal items have been moved, or even that APS Associates has definitive or imminent plans to move the property. *Bradley*, 2021 WL 5631754, at *3. Thus, because Mr. Coyle has failed to prove with the requisite evidence that he has suffered harm, the harm he claims as irreparable is merely speculative. *See Adams*, 204 F.3d at 488. Given that, the Court need not consider the remaining elements of the test. *See Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 219 (3d Cir. 2014) ("Absent a showing of irreparable harm, a plaintiff is not entitled to injunctive relief, even if the other three elements are found."); *Bennington Foods LLC v. St. Croix Renaissance Grp., LLP*, 528 F.3d 176, 179 (3d Cir. 2008) ("As . . . there is no possibility of irreparable harm on the record before us, there is no need to analyze the other prongs of the test.").

Because Mr. Coyle has failed to establish several necessary elements required for injunctive relief, the Court will deny Mr. Coyle's motion for a temporary restraining order and a preliminary injunction.

## CONCLUSION

For these reasons, the Court will abstain in part from resolving Mr. Coyle's motion for a temporary restraining order and preliminary injunction and will deny in part Mr. Coyle's motion. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE